**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| LON CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00508-TWP-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255**
**and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Lon Campbell ("Mr. Campbell")

for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice.

In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On September 10, 2013, Mr. Campbell was charged in a multi-defendant Indictment filed

in the Southern District of Indiana in No. 1:13-cr-185-TWP-DML-18. Mr. Campbell was

charged in Count 22 with use of a false social security number with intent to deceive, in violation

of 42 U.S.C. § 408(a)(7)(B).

On October 10, 2014, Mr. Campbell filed a Petition to Enter a Plea of Guilty. No. 1:13-

cr-185-TWP-DML-18; dkt. 541. In the Petition, Mr. Campbell represented to the Court that he

received a copy of the Indictment, read and discussed it with his attorney, understood the charges

brought against him, and believed that his attorney was fully informed as to the facts surrounding

the Indictment. He stated that his attorney had advised him of the punishment, and that he

believed that his attorney had done all that anyone could do to counsel and assist him. Mr. Campbell made no claim of innocence and declared that his plea of guilty was offered freely, voluntarily, and of his own accord. *Id.*

On that same date, a plea agreement was filed pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B). No. 1:13-cr-185-TWP-DML-18; dkt. 540. The parties agreed that Mr. Campbell would plead guilty to Count 22 as charged in the Indictment. *Id*. Mr. Campbell also agreed to admit to Supervised Release Violation 1 as alleged in the Supplemental Petition for Violation of Supervised Release in No. 1:07-cr-095-TWP-TAB. *Id*. The government agreed to recommend a sentence at the low end of the guidelines calculation and to dismiss the remaining six violations in the Petition for Violation of Supervised Release. *Id*. In exchange for the concessions made by the United States, Mr. Campbell agreed to waive his right to appeal his conviction and sentence and to waive any collateral attack against his conviction and sentence, including an action brought under 28 U.S.C. § 2255. Dkt. 540, ¶ 7. The parties also filed a Stipulated Factual Basis, which Mr. Campbell signed, providing the facts of this case. No. 1:13-cr-185-TWP-DML-18; dkt. 542.

On January 21, 2015, the Court held a change of plea and sentencing hearing. No. 1:13-cr-185-TWP-DML-18; dkt. 635; dkt. 677. During the plea hearing, the Court advised Mr. Campbell of his rights and the possible penalties and accepted the parties' stipulated factual basis as an adequate basis for the plea. *Id.* The Court found that Mr. Campbell's plea was made voluntarily and knowingly, accepted his guilty plea, and adjudged him guilty of Count 22 as charged in the Indictment. *Id*. Mr. Campbell also admitted to the supervised release violation and the Court found that he violated his supervised release. *Id*.

The Court then held Mr. Campbell's sentencing hearing. *Id*. Mr. Campbell's advisory guideline range was 21-27 months and he was sentenced to the guideline minimum of 21 months' imprisonment on Count 22. Mr. Campbell's violation 1(committing a new offense) is a Grade B violation and carries a range of imprisonment of between 12 and 18 months, consecutive to any other sentence imposed. The Court sentenced Mr. Campbell to the guideline minimum sentence of 12 months for the supervised release violation in No. 1:07-cr-095-TWP-TAB, consecutive to Count 22. *See* No. 1:13-cr-185-TWP-DML-18; dkt. 637; No. 1:07-cr-095-TWP-TAB; dkt. 67. Mr. Campbell's imprisonment was to be followed by three years of supervised release. *Id*. He was also assessed the mandatory assessment of $100 and restitution in the amount of $15,310.81. *Id*. Judgment of conviction was entered in No. 1:13-cr-185-TWP-DML-18 on July 27, 2015. *Id.*

Notwithstanding his appeal waiver, at Mr. Campbell's request, the Clerk filed a notice of appeal on his behalf on January 30, 2015. On February 19, 2016, in No. 15-1188, the Seventh Circuit Court of Appeals enforced the appellate waiver in the plea agreement and dismissed the appeal "[b]ecause Campbell knowingly and voluntarily waived his right to appeal…." *United States v. Campbell*, 813 F.3d 1016, 1019 (7th Cir. 2016).

Mr. Campbell filed this motion to vacate under 28 U.S.C. § 2255 on March 4, 2016. The United States has responded. Mr. Campbell did not reply.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Mr. Campbell's claims are that: 1) he never saw his presentence report before sentencing; 2) he was never granted an evidentiary hearing to have co-defendant David Day

testify about "this matter;" 3) I was "tricked" and did not "have the elements of a crime;" and 4) he was coerced by counsel into signing the plea agreement because the judge did not like him and if he did not plead she would give him a longer sentence. Motion to Vacate, dkt. 1. The United States argues that Mr. Campbell's § 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement.

As noted, the plea agreement provided that in exchange for the concessions made by the United States, Mr. Campbell "waives the right to contest his conviction and sentence and the manner in which it was determined in any collateral attack, including an action brought under Title 28, United States Code, Section 2255." No. 1:13-cr-0185-TWP-DML-18; dkt. 540, ¶ 7. The Seventh Circuit has already decided that "[b]ecause Campbell knowingly and voluntarily waived his right to appeal, he is barred from pursuing this appeal…" *Campbell,* 813 F.3d at 1019.

The Seventh Circuit has repeatedly held, however, that "'collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement.'" *Long v. United States,* 847 F.3d 916, 919 (7th Cir. 2017) (quoting *Hurlow v. United States,* 726 F.3d 958, 964 (7th Cir. 2013)); *see also Gaylord v. United States,* 829 F.3d 500, 506 (7th Cir. 2016) (where plea waiver is valid, courts need only address claims that counsel was ineffective in the negotiation of the plea agreement); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to counsel's performance during sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief).

"Not every claim of ineffective assistance of counsel can overcome a waiver in a plea agreement." *Hurlow,* 726 F.3d at 966. A petitioner "must allege that the plea agreement was the

product of ineffective assistance of counsel or tainted by ineffective assistance of counsel." *Id.* (internal quotations and citations omitted).

"To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, our review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (internal quotation omitted). The right to effective assistance of counsel is violated when the performance of counsel falls below an objective standard of reasonable professional conduct and prejudices the defense. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). In other words, for Mr. Campbell to establish that his "counsel's assistance was so defective as to require reversal" of his conviction, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687. If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves,* 755 F.3d at 591.

To establish prejudice, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable." *Id.* (internal quotation omitted). "A mere allegation … that he would have insisted on going to trial is insufficient to establish prejudice." *Long*, 847 F.3d at 922-23 (internal quotation omitted). Instead, a petitioner "must go further and present objective evidence that a reasonable probability exists that he would have taken that step." *Id.* (internal quotation omitted). For example, "when the purported deficiency is based on a failure to investigate, we require the petitioner to allege what the investigation would have produced." *Long*, 847 F.3d at 920 (internal quotation omitted).

Mr. Campbell's first claim, that he did not see his presentence report before sentencing, is meritless. This claim is barred by the plea waiver. Even if it were not barred, Mr. Campbell and his attorney had an opportunity to review the report before sentencing and the Court discussed it and Mr. Campbell's objection to it during the sentencing hearing. Dkt. 677, p. 26. Moreover, Mr. Campbell has alleged no harm, *i.e.,* prejudice, based on those circumstances.

Mr. Campbell's next claim is that he was not granted an evidentiary hearing which meant that his co-defendant David Day did not testify. As a stand-alone claim, it is barred by the plea waiver. Giving this sparse allegation the broadest reading, the Court has also treated it as one of ineffective assistance of counsel, as a possible failure to investigate a claim. Mr. Campbell fails to allege, however, what Mr. Day would have said that would have benefitted him. Absent allegations as to what such testimony would have produced, he has shown no deficiency in counsel's performance. *See Long,* 847 F.3d at 920.

Mr. Campbell's third claim, a vague assertion that he was "tricked" and did not "have the elements of a crime," lacks adequate specificity to even warrant discussion beyond a conclusion that it is barred by the plea waiver. He has not alleged facts sufficient to state a claim of ineffective assistance.

Mr. Campbell's final claim is that he was coerced into taking the plea. This ineffective assistance of counsel claim is not barred by the plea waiver. The Court generously infers that Mr. Campbell is alleging that counsel told him that the undersigned did not like him and that without the plea agreement, he would receive a longer sentence. This claim directly contradicts Mr. Campbell's testimony under oath at the plea and sentencing hearing that he was pleading guilty of his own free will because he was, "in fact, guilty." Dkt. 677, p. 8. "The purpose of the Rule 11 colloquy is to expose coercion, and the district judge must be able to rely on the defendant's

sworn testimony at that hearing." *United States v. Gwiazdzinski*, 141 F.3d 784, 788 (7th Cir. 1998). "A defendant who simply asserts that his plea was not voluntary, in contradiction of his testimony at the plea hearing, however, faces a heavy burden of persuasion." *United States v. Weathington*, 507 F.3d 1068, 1073 (7th Cir. 2007) (internal quotation omitted).

With the presumption of truth given to the plea hearing testimony, the Court moves to the prejudice prong under *Strickland*. Mr. Campbell faced a maximum five year (60 month) sentence. Counsel negotiated a plea agreement, under which the United States agreed to recommend a sentence on the low end of the guideline range, made known Mr. Campbell's acceptance of responsibility which resulted in a two-level sentencing reduction, and agreed to dismiss violations 2 through 7 of the Petition for Violation of Supervised Release, which resulted in a lower consecutive sentence. Mr. Campbell has not alleged that absent the alleged "coercion," he would have insisted on going to trial or that the proceedings were otherwise fundamentally unfair. He has not met his heavy burden of persuasion nor demonstrated any prejudice. Counsel negotiated a favorable plea agreement on behalf of Mr. Campbell. Mr. Campbell's claim that his attorney was ineffective in this regard is baseless.

The Court finds that the waiver provision in the plea agreement is valid and will be enforced. In addition, while having considered Mr. Campbell's claims of ineffective assistance of counsel, none of them are meritorious.

## *Denial of Hearing*

An evidentiary "hearing is not required if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Gaylord v. United States,* 829 F.3d 500, 506 (7th Cir. 2016) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here. A hearing is not warranted under these circumstances.

*Conclusion*

The foregoing circumstances show that Mr. Campbell is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:13-cr-00185-TWP-DML-18.**

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Campbell has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/2/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Lon Campbell, 08697-028
GREENVILLE - FCI
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
Greenville, IL  62246

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**